IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JEFFREY BRUMFIELD,** | ) | |
| *# 02773-025*, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 11-CV-679-WDS |
| | ) | No. 09-CR-30169-WDS |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
|     Respondent. | ) | |

## ORDER

**STIEHL, District Judge:**

    Before the Court is petitioner Jeffrey Brumfield's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government has responded (Doc. 6), and petitioner has replied with a renewed motion to appoint counsel (Doc. 7).

### BACKGROUND

    On April 26, 2010, petitioner pleaded guilty to one count of possession with intent to distribute five grams or more of cocaine base (crack), *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and two counts of distribution of cocaine base, *see* §§ 841(a)(1), 841(b)(1)(C) (Doc. 22, § II, ¶ 1, No. 09-CR-30169). He had made two sales of crack cocaine, one of 0.6 grams and another of 0.4 grams, to a confidential informant; police later found 13.8 grams of crack cocaine in petitioner's living room. The statutory term of imprisonment for count one was 5–40 years. The maximum term for the other two counts was 20 years.

    The total quantity of cocaine base constituting petitioner's relevant conduct was between 5–20 grams, creating a base offense level of 24. That base offense level did not apply, however, because petitioner's criminal history made him a career offender, resulting in an of-

fense level of 34. *See* 18 U.S.C. § 924(e)(1). After a 3-level reduction for acceptance of responsibility, his total offense level was 31. Petitioner had a criminal history category of VI, so his advisory guideline range for imprisonment was 188–235 months.

On September 27, 2010, the Court sentenced petitioner to 188 months in prison on each count to run concurrently, gave him four years of supervised release, and imposed a $300 special assessment (Docs. 35, 37, No. 09-CR-30169). The Supreme Court has since held that the Fair Sentencing Act's new mandatory minimums apply to offenders sentenced after August 3, 2010, including those sentenced before emergency amendments to the Sentencing Guidelines took effect on November 1, 2010. *See Dorsey v. United States*, 132 S.Ct. 2321, 2335–36 (2012).

## DISCUSSION

A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that … the sentence imposed was not authorized by law … or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." § 2255(b).

 "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). As a result, relief under § 2255 is "reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

## ANALYSIS

Petitioner raises three grounds for relief in his § 2255 motion: (1) that trial counsel was ineffective for not filing a notice of appeal regarding petitioner's right to be sentenced under the Fair Sentencing Act, (2) that petitioner should have been sentenced under the Fair Sentencing Act because his sentence was imposed after the Act was signed into law, and (3) that the Government breached the plea agreement by not revealing that, for the Government to recommend a departure from the guidelines under U.S.S.G. § 5K1.1, petitioner would be required to testify against his nephew.

The Government believes petitioner is barred from bringing this motion by the waiver in his plea agreement. According to the terms of the plea agreement, petitioner waived his right to contest *any* aspect of his conviction and sentence, except for (1) an appeal based on the reasonableness of a sentence imposed "in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater)," (2) "any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the Defendant actually innocent of the charges covered herein," or (3) "appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission" (Doc. 22, § III, ¶¶ 2, 3, No. 09-CR-30169).

A waiver of the right to appeal, or to bring a collateral attack under § 2255, is generally enforceable. *E.g.*, *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir.1999). Exceptions include if the plea agreement containing the waiver was involuntary, the district court relied on a constitutionally impermissible factor, the sentence exceeded the statutory maximum, or the petitioner claims ineffective assistance of counsel in the negotiation of the plea agreement. *Keller*, 657 F.3d at 681. The grounds of the collateral attack must also be within the scope of the waiver. *Id.* (citing *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010)).

The Court finds that the waiver in petitioner's plea agreement is enforceable. The exceptions, such as its being involuntary, do not apply here. Petitioner asserts that the Government breached the plea agreement by not revealing that he would be required to testify against his nephew, but breach is not among the exceptions that can render a waiver unenforceable.[1] *See United States v. Behrman*, 235 F.3d 1049, 1052 (7th Cir. 2000) ("Only arguments that would nullify the plea itself survive."). If it were true that the Government breached the agreement, that would only entitle petitioner to specific performance. *See United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002). Thus the Court agrees with the Government that petitioner's waiver is enforceable.

The Court also agrees with the Government that the grounds of petitioner's motion do not fall within any of the exceptions to the waiver as stated in the terms of the plea agreement. First, the waiver does not apply to an appeal based on the reasonableness of a sentence imposed in excess of the Sentencing Guidelines. But petitioner's motion is a collateral attack, not an appeal. *Cf. Keller*, 657 F.3d at 681 (noting that a waiver "must clearly state" that the defendant is waiving his right to bring a collateral attack). And his sentence was not imposed in excess of the Sentencing Guidelines. He was given 188 months, which is still within the guideline range applicable now after the Fair Sentencing Act and *Dorsey* (151–188 months), albeit at the high end. Second, the waiver also does not apply to a subsequent change in the interpretation of the law that renders petitioner actually innocent of the charges. That is not availing either, because petitioner is not actually innocent of the charges. And, finally, the waiver does not apply to appeals based on Sentencing Guideline amendments. Again, this is

---

[1] Further, petitioner's argument is without merit. The terms of his plea agreement state that he must cooperate fully with the Government, including by providing "complete and truthful testimony … in any trial proceeding" and "concerning all criminal activity about which [petitioner] knows" (Doc. 22, § 1, ¶ 1). So he was required to testify against anyone; there was no exception for his relatives. Petitioner himself breached the plea agreement when he refused to testify. He breached it again by filing this motion. The Government is entitled to withdraw any concessions it made. *See United States v. Hare*, 269 F.3d 859, 862 (7th Cir. 2001) ("A defendant who promises as part of his plea agreement to provide truthful information or testify in some other case, and who does not carry through, forfeits the benefits of the agreement, and the United States is free to reinstate dismissed charges and continue the prosecution.").

not an appeal; and petitioner's motion is based on the Fair Sentencing Act (and *Dorsey*), not the Sentencing Guidelines.

Yet, pursuant to Department of Justice policy, the Government chooses not to enforce the waiver in petitioner's plea agreement as to petitioner's second claim. The Government asks the Court to resentence petitioner under the Fair Sentencing Act.

As the Government explains, petitioner's PSR found that the drug amount for count 1 was 13.8 grams of cocaine base, and that amount no longer meets the threshold of 28 grams under 18 U.S.C. § 841(b)(1)(B). Instead, § 841(b)(1)(C) applies, so the statutory range of imprisonment is now 0–20 years. Petitioner is a career offender and, under U.S.S.G. § 4B1.1, a statutory maximum of 20 years results in an offense level of 32. Subtracting 3 levels for acceptance of responsibility, as before, gives an offense level of 29. Given petitioner's criminal history category of VI, his new advisory guideline range is 151–188 months.[2]

The Government further points out that the parties agreed in the plea agreement that the Government would "recommend sentencing at the low end of the range ultimately found by the Court," and that petitioner would not seek "any sentence below the lowest range of the advisory sentence recommended by the guidelines after all guideline factors [were] considered by the Court" (Doc. 22, § II, ¶ 4, No. 09-CR-30169). Accordingly, pursuant to the plea agreement, the Government recommends petitioner be resentenced to the low end of the new guideline range, 151 months.

Petitioner does not dispute the Government's arguments. He believes he and the Government are in agreement and asks the Court to resentence him under the Fair Sentencing Act.[3] He adds that the Court may, in its discretion, impose a new sentence under 18 U.S.C. § 3553(a) and give him a downward variance for rehabilitative conduct since his first sentenc-

---

[2] The U.S. Probation Office informs the Court that it agrees with the Government's calculations.
[3] He says, "It appears to some degree that petitioner and respondent agree that Mr. Brumfield is entitled to resentencing pursuant to the Fair Sentencing Act of 2010," and, "Because petitioner does disgree [*sic*] with the government on the above premise, petitioner believes that resentencing under the Fair Sentencing Act is appropriate" (Doc. 7, p. 1). It appears that petitioner intended to say he does *not* disagree with the Government.

ing, in light of *Pepper v. United States*, --- U.S. ----, 131 S.Ct. 1229 (2011).

Because the Government is choosing not to enforce the waiver in petitioner's plea agreement, the Court **GRANTS** petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). His previous sentence is **VACATED**, and this matter will be set for resentencing. Petitioner's motion to appoint counsel (Doc. 7) is **GRANTED**. The Court **APPOINTS** John D. Stobbs II of the Stobbs Law Offices, 307 Henry Street, Suite 211, Alton, Illinois 62002 (phone: 618-462-8484) to represent petitioner for the resentencing.

**IT IS SO ORDERED.**

**DATED: December 17, 2012**

                                                        **/s/ WILLIAM D. STIEHL**
                                                        **DISTRICT JUDGE**